IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


NEGII COFFEE,                      :
          Petitioner              :
                                   :
     v.                            :        CIVIL NO. 3:CV-15-922
                                   :
                                   :        (Judge Conaboy)
LAUREL HARRY,                      :
          Respondent              :
_____

**MEMORANDUM**
**Background**

     Negii Coffee, an inmate presently confined at the McKean
Federal Correctional Institution, Bradford, Pennsylvania (FCI-
McKean), initiated this pro se petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  This matter was initiated while
Coffee was incarcerated at the State Correctional Institution, Camp
Hill, Pennsylvania.  Service of the Petition was previously
ordered.

     Petitioner was charged with a general count of murder with
respect to the shooting death of John Bruno.  An initial trial on
the charge in the Dauphin County Court of Common Pleas ended in a
mistrial on August 19, 2009.  Prior to the beginning of his
retrial, Petitioner entered a guilty plea on May 17, 2011, to a
charge of third degree murder Following his plea Coffee was
sentenced to a five and one half (5 ½) to twenty (20) year term of
imprisonment. Following a direct appeal, Petitioner's conviction

1

was affirmed.  See Commonwealth v. Coffee, 613 Pa. 658 (2011)

(Table).  Petitioner also unsuccessfully sought relief under

Pennsylvania's Post Conviction Relief Act (PCRA).[1]  See

Commonwealth v. Coffee, 50 A.3d 658 (Pa. Super 2012)(Table).

Coffee's pending action challenges the legality of his guilty

plea on the grounds that he was provided with ineffective

assistance of counsel.  Specifically, Petitioner asserts his plea

was based upon representations from his trial counsel that he would

only receive a three (3) to six (6) year term of imprisonment. In

support of his claim, Petitioner has provided a notarized affidavit

from his trial counsel.  The affidavit provides that prior to the

beginning of opening statements in Coffee retrial, the Petitioner

expressed fears to his trial counsel about proceeding to trial and

indicated a willingness to accept a three to six year sentence in

exchange for a guilty plea.

Based upon the sentiments expressed by his client, trial

counsel states that he engaged in a chambers discussion with the

prosecution attorney and trial judge regarding Coffee's proposal.

According to the affidavit, the prosecution informed trial counsel

---

[1]  See 42 Pa. Cons. Stat. Ann. § 9541 *et seq.*  The PCRA
"permits motions for post-conviction collateral relief for
allegations of error, including ineffective assistance of counsel,
unlawfully induced guilty pleas, improper obstruction of rights to
appeal by Commonwealth officials, and violation of constitutional
provisions."  Hankins v. Fulcomer, 941 F.2d 246, 251 (3d Cir.
1991).

that the Commonwealth would not agree to a 3-6 year term.

Trial counsel states that he then suggested the option that Petitioner could enter an open plea. In response, the trial court judge allegedly responded "that's no problem I can do that." Doc. 1-2, p. 12. After the meeting concluded, the affidavit asserts that trial counsel spoke with his client and expressed that it was his understanding "based upon the Judge's comments and everything that had transpired.... This [a 3-6 year sentence] is what you will get." Id., p. 7.

Coffee concludes that he is entitled to federal habeas corpus relief because the misinformation provided to him by his trial counsel undermines the voluntary nature of his guilty plea.

## Discussion

It is initially noted that the Respondent concedes that this matter is timely filed and that Coffee has fully exhausted his state court remedies with respect to his pending claim. However, Respondent argues that Coffee's action should be dismissed because he has failed to establish that his plea counsel provided ineffective assistance. See Doc. 19, p. 16.

## Standard of Review

"The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent

3

possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

Specifically, when a federal-law issue has been adjudicated on the merits by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).[2]  See generally, Knowles v. Mirzayance,  U.S. 111, 114 (2009); Gattis v. Snyder, 278 F.3d 222, 234 (3d Cir. 2002); Moore v. Morton, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court of the United States has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  Williams v. Taylor, 529 U.S. 362, 404-405 (2000).  As explained in Bell, 535 U.S. at 694:

> A federal habeas court may issue the writ under
> the 'contrary to' clause if the state court
> applies a rule different from the governing law
> set forth in our cases, or if it decides a case
> differently than we have done on a set of
> materially indistinguishable facts. . . . The

---

[2]  Specifically, 28 U.S.C. § 2254(d)(1) provides:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; . . . .

4

court may grant relief under the 'unreasonable
application' clause if the state court
correctly identifies the governing legal
principle from our decisions but unreasonably
applies it to the facts of the particular case.
. . . The focus of the latter inquiry is on
whether the state court's application of
clearly established federal law is objectively
unreasonable . . . .

Furthermore, resolution of factual issues by the state courts are

presumed to be correct unless the petitioner shows by clear and

convincing evidence that they are not.  28 U.S.C. § 2254(e)(1).

In summary, the appropriate inquiry for federal district

courts in reviewing the merits of Section 2254 petitions is whether

the state court decisions applied a rule different from the

governing law set forth in United States Supreme Court cases,

decided the case before them differently than the Supreme Court has

done on a set of materially indistinguishable facts, or

unreasonably applied Supreme Court governing principles to the

facts of the particular case.  See Keller v. Larkins, 251 F.3d 408,

417-18 (3d Cir. 2001) (a district court entertaining a § 2254

action must first address whether the state court decision was

contrary to Supreme Court precedent); Martini v. Hendricks, 188 F.

Supp.2d 505, 510 (D. N.J. 2002) (a § 2254 applicant must show that

the state court decision was based on an unreasonable determination

of facts in light of evidence presented in the state court

proceeding).  Findings of fact by the state courts are presumed to

be correct unless the petitioner shows by clear and convincing

evidence that they are not.  <u>See</u>  28 U.S.C. § 2254(e)(1).

   A habeas petitioner "faces a heavy burden in challenging the voluntary nature of his guilty plea." <u>Lesko v. Lehman</u>, 925 F.2d 1527, 1537 (3d Cir. 1991).  A court's inquiry "is ordinarily confined to whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989). Federal habeas challenges to the voluntary nature of a guilty plea based on unfulfilled promises or representations "must advance specific and credible allegations." <u>Zilich v. Reid</u>, 36 F.3d 317, 320 (3d Cir. 1994).

   Criminal defendants who enter into plea agreements must be advised of the direct consequences of their plea.  The United States Court of Appeals for the Third Circuit has stated that the only consequences considered direct are the maximum prison term and fine for the offense charged.  <u>Parry v. Rosemeyer</u>, 64 F.3d 110, 113-14 (3d Cir. 1995).  There is no due process requirement that a defendant be advised of adverse collateral consequences of pleading guilty, even if they are foreseeable.  <u>Belle v. Varner</u>, 2001 WL 1021135 *10 (E.D. Pa. 2001).

   In <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test.  The petitioner must show "that counsel's performance was deficient" and that "the deficient

6

performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir. 1994). In Deputy, the United States Court of Appeals for the Third Circuit also noted that it was not bound by any state court determinations as to a counsel's performance. Id. at 1494.

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and show prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

7

undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694;

<u>Frey v. Fulcomer</u>, 974 F.2d 348, 358 (3d Cir. 1992)  "Without proof

of both deficient performance and prejudice to the defense . . . it

could not be said that the sentence or conviction resulted from a

breakdown in the adversary process that rendered the result of the

proceeding unreliable, and the sentence or conviction should

stand."  <u>Bell</u>, 535 U.S. at 695 (internal quotations and citation

omitted).[3]  At the time of Petitioner's state court proceedings,

<u>Strickland</u>'s familiar two-pronged test was the "clearly established

federal law" applicable to ineffective assistance of counsel

claims.

Specifically, under Pennsylvania state jurisprudence, a three-

prong test is applied to ineffective assistance of counsel claims,

but is, in substance, identical to the <u>Strickland</u> test.  <u>See</u>, <u>e.g.</u>,

<u>Commonwealth v. Pierce</u>, 527 A.2d 973, 975-77 (Pa. 1987).  The Third

Circuit Court of Appeals has held that Pennsylvania's test for

assessing ineffective assistance of counsel claims is not contrary

to <u>Strickland</u>.  <u>Jacobs v. Horn</u>, 395 F.3d 92, 107 n.9 (3d Cir.

2005); <u>Werts v. Vaughn</u>, 228 F.3d 178, 204 (3d Cir. 2000).  Thus, it

cannot be said that the state courts applied rules contrary to

prevailing principles established by the United States Supreme

Court for the adjudication of ineffective assistance claims.

Accordingly, under § 2254(d)(1), the relevant inquiry in

---

[3] A court may choose to address the prejudice prong first and
reject an ineffective assistance claim solely on the basis that the
defendant was not prejudiced.  <u>See</u> <u>Rolan v. Vaughn</u>, 445 F.3d 671,
678 (3d Cir. 2006).

addressing the pending ineffectiveness claims is whether the Pennsylvania state courts' decisions involved an unreasonable application of <u>Strickland</u> or were based on an unreasonable determination of the facts. <u>Jacobs</u>, 395 F.3d at 107 n.9; <u>Werts</u>, 228 F.3d at 204.

It is initially noted that the undisputed record shows that Petitioner was represented by counsel. As such, the first prong of <u>Broce</u> was clearly satisfied.

With respect to the issue of whether the plea was voluntary, the undisputed record shows that the Commonwealth conducted an extensive oral colloquy on May 17, 2011 to ensure that Petitioner's plea was knowing and voluntary. A copy of the transcript of that proceeding has been submitted by Coffee. <u>See</u> Doc. 1-2. During the colloquy, the Commonwealth informed the Petitioner during questioning that a third degree murder conviction was punishable by a forty (40) year maximum term of imprisonment. <u>See id</u>. at p. 3. Moreover, the Commonwealth further advised Coffee that a sentence for his crime ordinarily results in at least a five (5) year term of imprisonment. Finally, the Petitioner was advised that sentencing was entirely up to the discretion of the trial court and it was not obligated to impose any particular sentence. <u>See id</u>. at p. 4.

On direct appeal the Superior Court of Pennsylvania addressed a claim that the trial court erred by denying Petitioner's motion to withdraw his guilty plea which was made immediately after sentence was imposed. <u>See</u> Doc. 1-2, p. 52; <u>Commonwealth v. Coffee</u>,

50 A.3d 243 (Pa. Super. 2012). The Superior Court denied relief finding that a proper guilty plea colloquy had been conducted and that Coffee's plea was knowing and voluntary.

Thereafter Petitioner filed a PCRA action raising the same ineffective assistance claim presently pending before this Court. In an April 23, 2014 decision, the Superior Court denied PCRA relief stating that even if trial counsel had misinformed Coffee as to the sentence which would be imposed, the ensuing plea colloquy conducted by the trial court informed Petitioner of the potential sentence which could be imposed thereby correcting any misunderstanding by trial counsel. The Superior Court, citing Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa. Super 2011), added under Pennsylvania state law a defendant who enters a guilty plea is bound by the statements he makes in open court while under oath and may not subsequently withdraw the plea based upon grounds which contradict the statements he made at his plea colloquy.

This is not a case where a criminal defendant claims entitlement to federal habeas corpus relief on the grounds that his attorney pressured him into entering a guilty plea. Rather, the undisputed record provides that just prior to opening statements Petitioner expressed concerns about proceeding to trial and indicated a willingness to accept a plea deal.

Given the misgivings about proceeding to trial expressed by Petitioner, this is not a case where there is a reasonable probability that but for trial counsel's error, the defendant would have proceeded to trial instead of pleading guilty.

Based upon a thorough review of the record, most notably the transcript of the plea colloquy, this Court is satisfied that the due process requirements set forth in <u>Broce</u> and <u>Parry</u> were satisfied. During the plea colloquy, Coffee was clearly informed that he faced a maximum sentence of up to forty (40) years imprisonment and that a third degree murder sentence ordinarily carries a sentence of at least five years of imprisonment.[4] The Petitioner was also advised that the imposition of his sentence was entirely up to the discretion of the judge and that the judge was not bound by the terms of any plea agreement and was not obligated to impose any particular sentence.

Based upon the court's colloquy, it is apparent that the state courts' determinations that the trial court adequately discussed with Petitioner the ramifications of the plea to the extent that misinformation provided by Coffee's plea counsel was corrected. It is noted "[s]olemn declarations made in open court carry a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977). Moreover, a counsel's mistaken prediction as to the likely length of sentence does not render a guilty plea involuntary. <u>Suarez v. Pennsylvania</u>, 2014 WL 292283 (E.D. Pa. June 26, 2014). Coffee was clearly advised of the direct consequences of his plea including the maximum prison term he faced and the fine for the charged offense as required under <u>Parry</u>.

As such, even if trial counsel's performance was deficient for

---

[4] Given that Petitioner notified this Court in November, 2017 that had been transferred from state custody (<u>See</u> Doc. 35), it appears that he was paroled from his state sentence at that time.

providing misinformation, Petitioner was not prejudiced by that misinformation. This Court finds that the state courts' determinations were not contrary to, or an unreasonable application clearly established federal law. <u>See</u> <u>United States v. Shedrick</u>, 493 F.3d 292, 299 (3d Cir. 2007)(defense counsel's conjectures to his client about sentencing are irrelevant where in-court guilty plea colloquy clearly establish the defendant's maximum potential exposure and the sentencing court's discretion). Accordingly, there is no basis for federal habeas corpus relief.

## Conclusion

In conclusion, despite having been afforded a liberal review by this Court, Coffee has not satisfied his burden of establishing any entitlement to federal habeas corpus relief. Accordingly, his habeas corpus petition will be denied. An appropriate Order will enter.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge


DATED: MAY 3, 2018